**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CONFIDENCE OGHENEKEWHE EDOH** | **CASE NO.  6:26-CV-01206 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARKWAYNE MULLIN ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is a "Petitioner's First Ex Parte Application for Temporary Restraining Order and Order to Show Cause" (Doc. 7) wherein Petitioner requests that the Court issue a Temporary Restraining Order enjoining Respondents from transferring Petitioner further outside this district and to return Petitioner to the Central District of California.

## BACKGROUND

Petitioner is a native and citizen of Nigeria. On or about December 26, 2017, Petitioner was admitted to the United States at or near Los Angelas, California as a non-immigrant visitor for a temporary period not to exceed June 25, 2018. Petitioner remained in the United States beyond June 25, 2018, without authorization.

Department of Homeland Security ("DHS") apprehended Petitioner on November 19, 2019, and served her with a Notice to Appear charging her with an overstay under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). Petitioner was released on

November 27, 2019, on bond[1] and her removal proceedings continued on the non-detained docket.[2]

On June 6, 2023, an immigration judge in Adelanto, California ordered Petitioner removed from the United States but granted her withholding of removal to Nigeria under § 241(b)(3) of the INA.[3] Both sides waived appeal of that decision.[4]

On or about December 11, 2025, DHS took Petitioner in custody for execution of the final removal order against her.[5] On or about April 3, 2026, Petitioner was notified that Ghana was identified as a third country removal for her under § 231(b)(2)(E) of the INA.[6] Petitioner was transferred out of Adelanto, California to an ICE detention facility in Florence, Arizona.[7] On April 4, 2026, Petitioner was transferred to South Louisiana ICE Processing Center in Oakdale, Louisiana.[8] Respondents inform the Court that Petitioner is scheduled to be removed to Ghana pursuant to a final order of removal.

## LAW AND ANALYSIS

Petitioners contend that there has been no change in circumstances that would indicate that her removal to a third country is likely in the reasonably foreseeable future. Petitioner complains that Respondents transferred her out of the Central District of California without notice, which threatens to frustrate the Court's jurisdiction and impair

---

[1] Doc. 1, ¶ 3.
[2] Hernandez Decl. ¶ 9, Doc. 11-1.
[3] Id. ¶ 10.
[4] Id.
[5] Id. ¶ 11.
[6] Id. ¶ 12.
[7] Id. ¶ 13.
[8] Id. ¶ 14. Petitioner alleges she was transferred on April 6, 2024, but Respondents contend the transfer occurred on April 4, 2026.

her ability to pursue habeas relief. Petitioner suggests that remaining outside that District will diminish her access to counsel and it is necessary to preserve the status quo and ensure that this Court can meaningfully adjudicate the pending habeas petition.

Respondents remark that Petitioner is incorrect regarding her statement that she was transferred out of the District after filing the habeas petition, because she was transferred out of the District on April 4, 2026 and the Petition was filed on April 6, 2026.[9]

Respondents argue that Petitioner has failed to establish that there is no significant likelihood of removal in the foreseeable future, and the Court lacks jurisdiction to the extent Petitioner is challenging her removal order and the execution of her removal. Respondents ask the Court to deny Petitioner's Ex Parte Motion for Temporary Restraining Order.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D.

---

[9] Hernandez Decl. ¶ 13.

La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here, Petitioner has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy.  The length of Petitioner's stay is presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Furthermore, the Court has attempted to locate Petitioner through the Ice Locator Link[10] and notes that Petitioner is no longer in ICE custody.[11]  Accordingly,

**IT IS ORDERED** that Petitioner's First Ex Parte Application for Temporary Restraining Order and Order to Show Cause (Doc. 7) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 24th day of April, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] https://locator.ice.gov/odls/#/search
[11] The Court utilized Petitioner's name and native Country, Nigeria, because Petitioner failed to provide an A#.