**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CONFIDENCE OGHENEKEWHE EDOH** | **CIVIL ACTION NO.  6:26-CV-01206 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARKWAYNE MULLIN ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**<u>MEMORANDUM RULING</u>**

Petitioner Confidence Oghenekewhe Edoh ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  At the time of filing, Petitioner was an immigration detainee challenging his continued detention.  However, according to ICE's Online Detainee Locator System, Petitioner is no longer detained.[1]  And Court staff verified with counsel that Petitioner is no longer in the United States.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

---

[1] https://locator.ice.gov/odls/#/search

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Since Petitioner is no longer detained, his request for release from detention is moot. His petition will therefore be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 22nd day of May, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE